**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Lopez, | No. CV18-1401-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| F&C Hospitality Services LLC, et al., | |
| Defendants. | |

Plaintiff Gabriel Lopez brought this case under the Fair Labor Standards Act. Doc. 1. On June 15, 2018, the parties filed a notice of settlement stating that "this matter has been settled." Doc. 15. In response to the notice, the Court entered an order stating that the matter would be dismissed with prejudice within 30 days unless a stipulation to dismiss had been filed. Doc. 18. On the same day, Plaintiff's counsel filed a motion to withdraw from representing Plaintiff. The motion stated that although Plaintiff verbally agreed to settle with Defendants, Plaintiff subsequently refused to sign settlement papers and told his attorney that he no longer wanted her to represent him. Doc. 16. As a result, counsel moved to withdraw. *Id.*

On July 18, 2018, counsel for Plaintiff and Defendants requested a conference with the Court and asked that the deadline for dismissal be extended to August 17, 2018. Doc. 19. After receiving this stipulation, the Court's Judicial Assistant spoke with counsel by telephone. Plaintiff's counsel stated that she had had no contact with Plaintiff

since he had refused to sign the settlement and had terminated her. Because Plaintiff was not cooperating, the parties had been unable to conclude the settlement and file the documents required by the Court's deadline.

In response to the parties' stipulation and this telephone call, the Court issued an order on July 19, 2018. Doc. 20. The order set a hearing for July 27, 2018, at 11:00 a.m., and stated, in bold type, that "Plaintiff, Gabriel Lopez, shall appear in person at the hearing." *Id.* The order further provided that "counsel for Plaintiff shall provide notice of this hearing to Plaintiff, Gabriel Lopez, on or before July 24, 2018, and shall file notice to the Court that Plaintiff Gabriel Lopez has been made aware of his requirement to appear at the hearing." *Id*. On July 23, 2018, Plaintiff's counsel filed a notice confirming that she had called, texted, and emailed Plaintiff all of the necessary information regarding the hearing set for July 27, 2018. Doc. 21. Plaintiff's counsel also emailed Plaintiff a copy of the Court's order setting the hearing. *Id*. The Court's Judicial Assistant also spoke to Plaintiff Gabriel Lopez by phone and advised him of the hearing.

Plaintiff failed to appear at the hearing on July 27, 2018. Counsel for both parties called into the hearing. In response to Plaintiff's failure to appear, counsel for Defendants suggested that the case be dismissed with prejudice. Counsel for Plaintiff suggested that the case be dismissed without prejudice.

Plaintiff has the general duty to prosecute this case. *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal, the

Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. Plaintiff's refusal to communicate and failure to abide by court orders prevents this case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court sees no alternative to dismissal with prejudice that would be fair to Defendants. Plaintiff has filed this case, forced Defendants to incur defense costs, engaged Defendants in settlement negotiations, refused to honor the settlement agreement, and stopped communicating or participating. Dismissal without prejudice would permit Plaintiff – who has had counsel throughout this proceeding and thus has not been at any strategic disadvantage – to re-file this case and force Defendants to incur the same costs again. Because that result would be unfair to Defendants, who have participated in this case in good faith, the Court will dismiss this action with prejudice.

**IT IS ORDERED:**

1. This action is dismissed with prejudice.
2. Plaintiff's counsel's motion to withdraw (Doc. 16) is **granted**.

Dated this 27th day of July, 2018.

_____
David G. Campbell
United States District Judge