**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Lopez, | No. CV18-1401-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| F&C Hospitality Services, LLC; F&C/M&C Hospitality Group, LLC; Hilton Hospitality, LLC; and Crowne Plaza Phoenix F/B, LLC, | |
| Defendants. | |

Plaintiff Gabriel Lopez brought this case under the Fair Labor Standards Act. Doc. 1. On July 27, 2018, the Court dismissed the action with prejudice for failure to prosecute. Doc. 23. Now, a year later, Plaintiff has filed a letter with the Court seeking to reopen the case. Doc. 24. The Court will deny Plaintiff's request.

**I.      Background.**

The Court recounted the following facts in its July 27, 2018 dismissal order. Doc. 23. On June 15, 2018, the parties filed a notice of settlement. Doc. 15. The Court entered an order stating that the matter would be dismissed with prejudice within 30 days unless the parties filed a stipulation to dismiss. Doc. 18. Plaintiff's counsel then filed a motion to withdraw from representation, stating that Plaintiff had verbally agreed to settle but refused to sign settlement papers, and had terminated her. Doc. 16.

On July 18, 2018, counsel for Plaintiff and Defendants requested a conference with

the Court and asked that the deadline for dismissal be extended to August 17, 2018. Doc. 19. The Court's Judicial Assistant spoke with counsel by telephone, and was informed that Plaintiff's counsel had had no contact with Plaintiff since he refused to sign the settlement and terminated her. Because of Plaintiff's noncooperation, the parties were unable to conclude the settlement and file the required documents by the Court's deadline.

The Court issued an order on July 19, 2018, setting a hearing for July 27, 2018, at 11:00 a.m., and stated, in bold type, that "Plaintiff, Gabriel Lopez, shall appear in person at the hearing." Doc. 20. The order further provided that "counsel for Plaintiff shall provide notice of this hearing to Plaintiff, Gabriel Lopez, on or before July 24, 2018, and shall file notice to the Court that Plaintiff Gabriel Lopez has been made aware of his requirement to appear at the hearing." *Id*. On July 23, 2018, Plaintiff's counsel filed a notice confirming that she had called, texted, and emailed Plaintiff all the necessary information regarding the hearing set for July 27, 2018. Doc. 21. Plaintiff's counsel also emailed Plaintiff a copy of the Court's order setting the hearing. *Id*. The Court's Judicial Assistant also spoke to Plaintiff by phone and advised him of the hearing.

Plaintiff failed to appear at the hearing on July 27, 2018. The Court dismissed the action with prejudice for Plaintiff's failure to prosecute. *See* Doc. 23.

## II. Plaintiff's Motion to Reopen.

More than one year later, Plaintiff asserts that he did not appear at the July 27, 2018 hearing because of "distrust of the law firm" and attorney that represented him. Doc. 24. He claims that his counsel "demand[ed] a signature [that he] never agreed" to give, presumably referring to the proposed settlement with Defendants. *See id.* He seems to assert that he was not notified of the terms of the proposed agreement, "[a]nd many other things more than I didn't feel sure of my lawyers." *Id.*

Plaintiff provides no legal basis for reopening or reconsidering his case. Nearly a year has passed since the Court dismissed this action, precluding the applicability of Rule 59(e) ("motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment"), or Local Rule of Civil Procedure 7.2(g) (absent good cause, motions

for reconsideration must be filed within 14 days "after the date of the filing of the Order that is the subject of the motion"). Nor does Plaintiff develop any argument under Rule 60, explaining why his motion is timely made "within a reasonable time." *See* Fed. R. Civ. P. 60(c).

Defendants filed a response to Plaintiff's motion to reopen (Doc. 25), but Plaintiff has not filed a reply and the time for doing so has now passed. *See* LRCiv 7.2(d).

**IT IS ORDERED**: that Plaintiff's motion to reopen (Doc. 24) is **denied**.

Dated this 23rd day of August, 2019.

David G. Campbell
Senior United States District Judge